IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FOR COLUMBIA DIVISION

DAVID EARL SUTHERLAND, #227673,

                  Plaintiff,

Verses

**R.J. REYNOLDS TOBACCO COMPANY, INC.** (a/k/a Reynolds American, Inc.), a foreign Corporation; **BROWN & WILLIAMSON TOBACCO CORPORATION** (f/k/a Brown & Williamson USA, Inc.), individually and as successor by merger to R.J. Reynolds Tobacco Company, Inc. (a/k/a Reynolds American, Inc.), and **LORILLARD TOBACCO COMPANY** (f/k/a Lorillard Tobacco Company, Inc.), individually as successor by merger to R.J. Reynolds Tobacco Company, Inc. (a/k/a Reynolds American, Inc.), a foreign Corporation,

                  Defendant(s).

---

## C O M P L A I N T

### (JURY TRIAL-DEMANDED)


### I. JURISDICTION

**1).** Plaintiff, as pro'se, respectfully request to proceed his claims, under **in forma pauperis,** according to **Title 28 U.S.C. § 1915 (a),(1),(2);**

**2).** Plaintiff's claims are brought under **Rule 9, of heighten and specificity and Rule 10 (c),** of the South Carolina **Federal Rules** of Civil Procedure;

**3).** Plaintiff's claims are Intentional Fraud, Grossly Negligence/Negligence and Deliberate Indifference; § 15-3-530 (5),(7) et seq.; Eighth (8th), Amendment, Of The U.S. Constitution;

**(1).**

4). Plaintiff's claims are also brought under the South Carolina Trade & Commerce Practice Act § 39-1-20 et seq.; and under the U.S. Federal Statute of Annotated Laws, Title **28 U.S.C.A. § 1332, 1334 and 1367,** of the diversity and supplemental jurisdiction; and this Court has personal jurisdiction over Plaintiff and Defendant(s), herein, according to **§ 36-2-803 et seq., and according to due process clause of the 14th Amendment,** of the U.S. Constitution;

## II. PARTIES INVOLVED

5). Plaintiff, David Earl Sutherland, a natural born citizen, in Lauren County, Lauren, South Carolina, a natural born citizen in the Untied States of America, resided in Gray Court, South Carolina, **prior** to his detention within the South Carolina Department of Corrections ("SCDC"), confined and currently incarcerated at the Broad River Correctional Institution ("BRCI"), since 2016, born on/or about, August of 1969; **Title 28 § 1332;**

6). Pro'se Plaintiff, purchased and smoked Pall-mall menthol filtered black manufactured by Defendant, Brown & Williamson Tobacco Corporation; purchased and smoked Newport menthol filtered, manufactured by Defendant, Lorillard Tobacco Company, and both Defendants has **merged** with Defendant, R.J. Reynolds Tobacco Company, Inc. (a/k/a Reynolds American, Inc.);

7). Defendant, R.J. Reynolds Tobacco Company, Inc. (a/k/a Reynolds American, Inc.), is a foreign non-residential Corporation, incorporated in Winston Salem, North Carolina; a corporated citizen in the United States of America, and had and continue to have its **principal place of business** at 401 North Main Street, Winston Salem, North Carolina, and did and **continued "doing business"** throughout the State of South Carolina, including in the County of Lauren, and in the City of Lauren, South Carolina; § 36-2-803 et seq.; § 39-1-20 et seq.; 14th Amendment, U.S. Constitution;

8). Defendant, Brown & Williamson Tobacco Corporation (a/k/a Brown & Williamson USA, Inc.), is and were a foreign non-residential

2.

Corporation and **prior to merging** at such relevant times, a corporate citizen, incorporated in the forum State of Louisville, Kentucky; a corporate citizen in the United States of America; and **had its principal place** of business in the State of Louisville, Kentucky; and **did its** business throughout the forum State of South Carolina, including in the County of Lauren, in the City of Laurens, South Carolina; § 36-2-803 et seq.; § 39-1-20 et seq.; 14th Amendment, U.S. Constitution: Article 3, § 2, Clause 1; 28 U.S.C. § 1332;

9). Defendant, Lorillard Tobacco Company (f/k/a Lorillard Tobacco Company, Inc.), is and were a foreign non-residential Corporation and **prior to merging** at such relevant times, it were a corporate citizen, incorporated in the forum State of Delaware; it is and were a corporate citizen in the United States of America; and **had its principal place of business** in the State of New York City, New York; and **"did" its business** throughout the forum State of South Carolina, including in the County of Lauren, and in the City of Lauren, South Carolina; § 36-2-803 et seq.; § 39-1-20 et seq.; 14th Amendment, U.S. Constitution; 28 U.S.C. § 1332; Article 3, § 2, Clause 1;

### III. PERSONAL JURISDICTION

10). That Defendant, Brown & Williamson Tobacco Corporation (f/k/a Brown & Williamson USA, Inc.), individually and **prior** to merging, while acting in the course and conduct within the scope of its employment in the stream of commerce of its Tobacco Industry, is responsible **and** liable for engaging in the business of manufacturing, designing, distributing, marketing, promotion, advertising and selling its tobacco products **including** but not limited to its **Pall-mall menthol filtered "black,"** cigarette **brands,** that Plaintiff purchased **and** smoked from 1979 thru 2014; § 36-2-803 et seq.; § 39-1-20 et seq.;

11). That **Defendant,** Lorillard Tobacco Company (f/k/a Lorillard Tobacco Company, Inc.), individually and **prior to merging,** while acting in the course and conduct within the scope of its employment,

3.

in the stream of commerce of its Tobacco Industry, is and were responsible and liable for engaging in the business of manufacturing, designing, distributing, marketing, promotion, advertising and selling its tobaccco products, **including** but not limited to its **Newports menthol filtered cigarette brands** that Plaintiff purchased and smoked from 1981 thru 2014; § 36-2-803 et seq.; § 39-1-20 et seq.;

12). That both Defendants' aforesaid cigarette products were affirmative defective and in an unreasonably danagerous condition to an "extent beyond" that which would not be **"contemplated"** to an ordinary consumer's use or consumption, not fit suitably safe for their use; and both Defendants' cigarette products, **essentially** in the same defective condition, when they **left the hands** of both Defendants **"without any substantial change,"** when they reached the forum State of South Carolina's general market places, that became accessible and available to its residents, citizens, consumers, cigarette smokers, non-smokers as members of the public, **including** Plaintiff herein, of the forum State of South Carolina; § 36-2-803 et seq.; § 39-1-20 et seq.;

13). That Defendants' Pall-mall and Newport cigarette brands contained deleterious carcinogenic constituents, chemicals and compound substances such as, benzo(a)pyrene, arsenic, lead, ammonia, formaldehyde, hydrogen cyanide, uranium, benzene, carbon monoxide, nitrosamines, polycyclic aromatic hydrocarbons (PAHs), and approximately **43 (forty three)** more that Defendants knew were affirmative significantly fatal to the members of the public's health, safety, life, welfare and certainly caused cancer and premature death; § 36-2-803 et seq.; Eighth (8th), Amendment, U.S. Constitution; Article 3, Section 2, Clause 1;

14). That Defendant's Pall-mall and Newport menthol filtered cigarette brands, were affirmative identified, located, stored, stacked, stocked, inventoried and placed upon the shelves and **sold** from behind the **cash-registered counters'** Stores of Winn Dixie Supermarket, Food Town Supermarket, Piggy Wiggly Supermarket, 7-Eleven

**4.**

Convenient Food, Gas and Supply Stores, Walmart Shopping Center, from 1970 thru 2014, **where,** Plaintiff, David Earl Sutherland, lived, resided, employed and conducted his business as an member of the public, within the forum State of South Carolina; § 36-2-803 et seq.; § 39-1-20, § 39-5-10 et seq.; 14th Amendment, U.S. Constitution; Article 3, Section 2, Clause 1;

### IV. "DEFENDANT(S) DID TAKE AFFIRMATIVE STEPS AND UNREASONABLE MEASURES TO PUBLICLY REPRESENT ITS TOBACCO PRODUCTS THROUGH NATIONAL MAJOR AND LOCAL NEWSPAPERS NEWS OUTLETS AND MAGAZINES"

DEFENDANT, BROWN & WILLIAMSON TOBACCO CORPORATION
(F/K/A    BROWN & WILLIAMSON USA, INC.    )

**15).** Based upon discovery, information and belief, on/or about, December 20, 2019, Plaintiff reasonably discovered material facts that are relevant to his claims, and on/or about, March 12, 1972, the aforesaid Defendant, did affirmative made public statements by advertising its **Pall-mall menthol filtered "light" cigarette brands,** through the New York Times, the New York Post, the Lauren County newspapers, and other newspapers, Readers Digest, Time, and Life magazines and Plaintiff were able to purchased such newspapers and magazines at the aforesaid local shopping stores, of Paragraph 14, hereof Plaintiff's, III., Personal Jurisdiction, that stated:

**16).** "Its Pall-mall menthol filtered "light" cigarette brands are "lower in tar and less in nicotine than ever before and best selling filter; "You make out better at both ends with "big-tip, Pall-mall menthol filtered "light" cigarettes are **"safer and healthier"** than its regular cigarette brands;"

**17).** That on/or about, April 14, 1994, Defendant through its former President & Chief Executive Officer (CEO), Thomas E. Sandefur, while acting in the course and conduct within the scope of its employment in the stream of commerce, that it did knowing and intentionally represented on a national televised Congressional Subcommittee Hearing, before former Chairman, Henry A. Waxman, at 2415 Rayburn

House Office Building, in Washington, D.C. (District of Columbia), and were interviewed by the CBS TV News Broadcasting Network, New Reporter(s) Robert (Bob) Schieffer and Ronald (Ron) Wyden, concerning the Defendant's tobacco products;

**18).** During the national interview, CBS News Reporter, Robert Schieffer, asked Defendant's former Representative, Sandefur, "whether its cigarettes are addictive?" and former Representative, Sanderfur, affirmative stated that, "Nicotine is not addictive; and Brown & Williamson (Tobacco Corporation) "does nothing in the manufacture of its tobacco products that increase the level of nicotine "above" that which is naturally found in the tobacco plant, "nor does it artifically increase nicotine;"

**19).** That Plaintiff as an television viewer, listened to and watched the program and were "confidence", acted reasonably in good-faith, as its' public statement were truthful and accurate and acted in **reliance** upon Defendant's former President, Sandefur's testimony and continued to purchase and smoke its **Pall-mall menthol filtered "light" cigarette brands** without questioning, because of Defendant's expert knowledge and skills;

**DEFENDANT, LORILLARD TOBACCO COMPANY**

**(F/K/A    LORILLARD TOBACCO COMPANY, INC.)**

**20).** That on/or about, January 30, 1994, the aforesaid Defendant, affirmative advertised by stating, "that white Newport smokers (men) really enjoy the taste of newport cigarette, yet feel they are **"out of the mainstream"** because **mosy of their friends smoke Marlboro Lights;** and further stated that, "Lorillard's Newport menthol filter light brands are recognized by young adult smokers as an important consumer base for this cigarette; our newport market is define as a **twen**ty something market, adults ages at 18 thru 29 years old;"

**21).** That, on/or about, March 27, 1998, Defendant (Lorillard) undetook a nation-wide advertising campaign for its Newports cigarettes captioned, "Pleasure! Fire it up! advertising depicted

**6.**

attractive young men and young women to smoke its Newports cigarettes, and stating that, its Newport cigarettes is the leading menthol cigarette brands among younger adult smokers in the freshness segment;" for party-goers, and those that do their own thing are fun-loving in smoking its menthol brand Newport cigarettes they enjoyed the mentholated taste in our newports;"

**22).** That, on/or about, April 14, 1994, Defendant's former Chairman & Chief Executive Officer (CEO), Andrew H. Tisch, and its former Vice Chairman & Chief Operating Officer, Alexander Spear, while acting in the course and conduct within the scope of their employment in the stream of commerce, both parties appeared in a national televised Congressional Subcommittee Waxman's hearing, at 2415 Rayburn House Office Building, in Washington, D.C. (District of Columbia), to be interviewed by the CBS TV News Broadcasting Network News Reporter, Robert (Ron) Schieffer and Ronald (Ron) Wyden, on issues relating to Environmental, Energy, Health and Commerce;

**23).** During the national interview, CBS TV News Reporter, Robert (Bob) Schieffer, asked both of Defendant's Representative, Tisch and Spear, "do they believe that nicotine is addictive?" and both Representatives affirmative stated that, "they believe that nicotine is not addictive;" and further represented that, "Cigarette Maker could adjust the level of nicotine in their products by blending different types of tobaccos to create a blend with a higher concentration; and both Representatives, Tisch and Spear, affirmative denied that, "it manipulates the amount of nicotine contained in its cigarettes, including in its Newport menthol filter cigarette brands that Plaintiff purchased and smoked;

**24).** That Plaintiff as an television viewer and listener, did affirmative watched the program, and Plaintiff were 15 (fifteen) years old at such relevant times, as a minor adolescence, I had confidence in what Defendant's former Representatives Tisch and Spear affirmative represented on national television, and I acted reasonably in **reliance** upon the April 14, 1994, of Defendant's public statement, and continued to purchase and smoke Defendant's Newport menthol filtered

cigarette brands; § 36-2-803 et seq.; § 39-1-20, § 39-5-10 et seq.; 14th Amendment, U.S. Constitution; Article 3, Section 2, Clause 1; and Plaintiff smoked Defendant's Newport menthol cigarette brands and becamed physical, psychological, non-economical, economical, addictive, injured and ultimately resulted to cause Plaintiff a heart attack; (See, Plaintiff's Medical Records);

25). Plaintiff hereby, pleads that Defendant's public advertisements and statements as pled, set forth in Paragraph(s) 15 thru 24, herein were **affirmative and purposefully directed towards** the forum State of South Carolina's residents, citizens, consumers, cigarette smokers, potential smokers, non-smokers, as members of the public, **including** Plaintiff; and both Defendants, Brown & Williamson Tobacco Corporation and Lorillard Tobacco Company, individually and **prior to merging** had **continous and systematic minimum/sufficient business contacts and activities** in the forum State of South Carolina; § 36-2-803 et seq.; 14th Amendment, U.S. Constitution; Article 3, Section 2, Clause 1;

26). That Plaintiff's harm, injuries and damages substantially **"arosed out of, in connection to, or related to"** both of Defendants' **minimum/sufficient business contacts or activities** in the forum State of South Carolina and both Defendants avails themselves of the benefits, privileges and protection of the laws of the forum State of South Carolina, such that the **maintenance of the suit "does not offend traditional notions of fair play and substantial justice of due process;** § 36-2-803 et seq.; 14th Amendment, U.S. Constitution; Article 3, Section 2, Clause 1;

27). Plaintiff hereby **presumes** that for these reasons, set forth herein, this Court should exercise **personal jurisdiction** over both Defendants and both Defendants should reasonably anticipate being haled into the forum State of South Carolina.

**8.**

## V.  PLAINTIFF PRESUMES OF HAVING LEGAL STANDING
## TO FILE SUIT AGAINST BOTH DEFENDANT(S), IN THE
## FEDERAL COURT, UNDER ARTICLE 3, SECTION 2, OF
## CLAUSE 1:

"THE FIRST (1ST), ESSENTIAL ELEMENT OF LEGAL STANDING, 1).
PLAINTIFF SUFFERED AN "INJURY-IN-FACT," AN INVASION OF A
LEGAL   PROTECTED   INTEREST,   WHICH   IS   CONCRETE   AND
PARTICULARIZED, THAT IS ACTUAL OR IMMINENT, NOT CONJECTURAL
OR HYPOTHETICAL"

**28).** That the State of South Carolina Code of Laws, 1976, statutory provisions has provided Plaintiff, as a member of the public, an individual and private protected right from being defrauded by deceit, fraud, misleading public advertising, and statements as a consumer in purchasing any merchandise, services, products against any domestic or foreign Corporations, directly, indirectly, once Plaintiff has **discovered** of knowingly and wilfully has been deceived of an injury-in-fact under § 15-3-530 (5),(7) et seq.; § 39-1-20, knowingly making untrue statements and § 39-5-20 et seq., South Carolina Unfair Trade Practice Act;

**29).** That these aforesaid Statutory provisions has provided Plaintiff a legal protected personal right to be adequately inform in his legal interest in purchasing both Pall-mall menthol filtered Light cigarettes and Newport menthol filter cigarette brands to informed the whole truth and not be fraudulent induced upon his decision/choice to puchased and smoke Defendant's aforesaid cigarettes through fraudulent advertisements and statements purportrated falsehood;

**30).** For these reasons, Plaintiff has suffered an injury-in-fact, that both Defendants has invaded Plaintiff's legal protected interest, which is concrete and particularized, that has effected Plaintiff individually and personally, proximate caused Plaintiff physical injuries, which will as a medical certainty have an effect upon his health, life and welfare currently and in the future, which is actual or imminent, and will continue to take **prescribed medications such as nitroglycerine tablets for heart condition,** as a future

**9.**

medical prognosis;

"THE SECOND (2ND), ESSENTIAL ELEMENT OF LEGAL STANDING, 2). A CAUSAL CONNECTION BETWEEN THE INJURY-IN-FACT, AND THE DEFENDANT'S CONDUCT COMPLAINED OF AND THE INJURY-IN-FACT HAS TO BE "FAIRLY-TRACEABLE" TO DEFENDANT"

31). Plaintiff hereby, adopts and incorporates by reference, each and every factual allegations of Plaintiff's **injury-in-fact** as pled, described, set forth as if fully stated verbatim, in Paragraph(s) 28 thru 30, hereof Plaintiff's, V, First (1st), Essential Element of Legal Standing; pleads a causal connection between Plaintiff's injury-in-fact, and both Defendants' conduct complained of and the injury has to be "fairly-traceable" to both Defendants, herein;

"THE THIRD (3RD), ESSENTIAL ELEMENT OF LEGAL STANDING, 3). THAT IT MUST BE "LIKELY" AS OPPOSED TO MERELY SPECULATIVE, THAT PLAINTIFF'S INJURY WILL BE "REDRESSED" BY A FAVORABLE JUDGMENT OR DECISION"

32). Plaintiff hereby, adopts and incorporates by reference each and every factual allegations of Plaintiff's **injury-in-fact** as pled, described, identified, set forth as if fully stated verbatim, in Paragraph(s) 28 thru 30, hereof Plaintiff's, V, First (1st), Essential Element of Legal Standing; and pleads that, it must be likely as opposed to merely speculative, that Plaintiff's injury will be redressed by a favorable judgment or decision by this Court;

VI. **PLAINTIFF REQUEST THE COURT TO "INVOKE" THE JUDICIAL DOCTRINE OF EQUITABLE ESTOPPEL AND FRAUDULENT CONCEALMENT OF TOLLING DOCTRINE**

"THE FIRST (1ST), ESSENTIAL ELEMENT OF ESTOPPEL, 1). CONDUCT BY PARTY ESTOPPED WHICH AMOUNT TO FALSE REPRESENTATION OR CONCEALMENT OF A MATERIAL FACT"

33). Plaintiff hereby, adopts and incorporates by reference each and

every factual allegations, pled, described, set forth as if fully stated verbatim, herein Paragraph(s) 15 thru 24, hereof Plaintiff's, IV., Personal Jurisdiction; and pleads that both Defendants' conduct amounts to a false representation or concealment of a material facts, and both Defendants should be eequitable estopped;

## "THE SECOND ESSENTIAL ELEMENT OF ESTOPPEL, 2). THAT BOTH DEFENDANT(S)' INTENTION THAT ITS CONDUCT SHALL BE ACTED UPON BY THE OTHER PARTY"

**34).** Plaintiff hereby, adopts and incorporates by reference each and every factual allegations, pled, described, set forth as if fully stated verbatim, herein Paragraph(s) 15 thru 24, hereof Plaintiff's, IV., Personal Jurisdiction; and pleads that it were Both Defendants' **intention** that their conducts, shall be acted upon by the American members of the public, **including** Plaintiff herein, to **induced/influenced** Plaintiff's **choices/decisions** into purchasing and smoking both Defendants' Pall-mall menthol filtered cigarettes, and Newport menthol filtered cigarette brands, to increased their **sales,** and to **maximized** their commerical and corporates' **profits,** for their own benefits;

## "THE THIRD (3RD), ESSENTIAL ELEMENT OF ESTOPPEL, 3). DEFENDANT(S)' KNOWLEDGE, ACTUAL OR CONSTRUCTIVE, OF THE TRUE FACT(S)"

DEFENDANT, BROWN & WILLIAMSON TOBACCO CORPORATION
(F/K/A     BROWN & WILLIAMSON USA,  INC.          )

**35).** Plaintiff asserts that, based upon discovery, information and belief, on/or about, December 20, 2019, Plaintiff discovered Defendant's knowledge of the truth, that were affirmative omitted and concealed from the American members of the public, including Plaintiff herein, and that on/or about, September 26, 1977, Defendant, Brown & Williamson Tobacco Corporation (f/k/a  Brown & Williamson USA, Inc.), and its tobacco associates, Phillip Morris USA, Inc., R.J. Reynolds

Tobacco Company, The American Tobacco Company, Lorillard Tobacco Company, and Liggett Group, Inc., with their former Scientists, Alan Rodgman, Thomas Odense, Preston Leake, Alexander Spears, while acting in the course and conduct within the scope of their employment in the stream of commerce, including their outside law firms, William W. Shinn of Shook, Hardy & Beacon, knew and engaged in fraudulent concealment;

36). That these Defendants, including Brown & Williamson Tobacco Corporations had **hired** Dr. Gary Huber, to conduct a research concerning an independent laboratory experiments on mices, by exposing rats and mices to cigarette smoke, by applying to their dermal skin backs tobacco smoke condensate, and notice and identified, benzo(a)pyrene and arsenic in the tobacco smoke condensate, and the mices and rats remainedthe tobacco smoke condensate in their skins for approximately 6 (six) months;

37). During the last day, Dr. Huber discovered all of the laboratory mices and rats developed bronchogenic carcinoma cancer, squamous cell carcinoma cancer and other disease and Dr. Huber evidently concluded that, "tobacco smoke caused changes in the respiratory tracts of the mices and rats which were consistent with humans results;

38). That Defendants discovered Dr. Huber's laboratory mices findings, Phillip Morris USA, Inc.'s former Assistant General Counsel, Alexander Holtizman, sent a **warning** to the Company's former President, Joseph F. Cullman, III, informing Cullman, III, of Dr. Huber's findings of the Harvard Project, and sent word to Defendant's outside law firm, William W. Shinn, all of them jointly agreed to **modify** Dr. Huber's laboratory findings and its interpretation, by issuing a press-release report to alter it; and all of the Defendants agreed to keep and concealed Dr. Huber's findings from the American members of the public;

12.

**39).**    Based upon discovery, information and belief, on/or about, December 20, 2019, Plaintiff reasonably discovered material facts that were knowingly and intentionally omitted and withheld from the American members of the public, including Plaintiff herein, that on/or about, January 22, 1974, Defendant, Brown & Williamson Tobacco Corporation, while acting in the course and conduct within the scope of its employment in the stream of commerce, the aforesaid Defendant took affirmative steps and unreasonable measures to engaged in clandenstine conduct to **blend reconstituted tobacco(s), which are artifically,** and not naturally inherently grown in the tobacco plant;

**40).**    Defendant's reconstituted tobacco ingredients contains **"ammonia compounds,** which Defendant directly or indirectly caused or ammonium compounds to be blended in its Pall-mall menthol filtered "light" cigarttes, Pall-mall regular unfiltered cigarettes, its Viceroy menthol filtered cigarette brands and self-concealed and concealed its acts from the American members of the public, including Plaintiff herein;

**41).**    Based upon discovery, information and belief, on/or about, December 20, 2019, Plaintiff reasonably discovered material facts that Defendant did knowingly and wilfully **omitted and withheld from** the American members of the public, including Plaintiff herein, that on/or about, September 21, 1992, the aforesaid Defendant, while acting in the course and conduct within the scope of its employment in the stream of commerce, it affirmative engaged in developing and manufacturing **Y-1, tobacco high-nicotine artifically, that contained more than 1 (one), million pounds, and kepted it confidential and self-concealed** from the American members of the public, including Plaintiff;

**42).**    Based upon discovery through pending investigation, the U.S. Food & Drug Administration's Commissioner, David Kessler, sent 4 (four), investigators at an DNA Plant Technology Corporation, in Oakland, California, and **found 2 (two), U.S. Custom Service Invoices, evidently shown more than 1 (one) million pounds of "Y-1, Artifical processed of high-nicotine tobaccos, that were shipped to Defendant,**

**13.**

Brown & Williamson Tobacco Corporation, and of whom did affirmative for many years of breeding, developing, manufacturing Y-1, and secretly blending it with natural tobacco, manipulating the level of nicotine in its Pall-mall regular unfiltered cigarettes, Pall-mall menthol filtered "light" cigarettes and its Viceroy filtered cigarette brands **without disclosing** its acts to the American members of the public, including Plaintiff hereof, May 03, 1994;

### DEFENDANT, LORILLARD TOBACCO COMPANY
### (F/K/A   LORILLARD TOBACCO COMPANY, INC.)'S
### KNOWLEDGE, ACTUAL OR CONSTRUCTIVE, OF THE
### TRUE   FACT(S)

**43).**    Based upon recently discovery, information and belief, on/or about, December 20, 2019, Plaintiff reasonably discovered material facts that aforesaid Defendant did knowingly and wilfully **omitted and withheld from** the American members of the public, including Plaintiff, that on/or about, February 14, 1973, Defendant, Lorillard Tobacco Company (f/k/a  Lorillard Tobacco Company, Inc.), individually and **prior to merging** with Defendant, R.J. Reynolds Tobacco Company, Inc. (a/k/a  Reynolds American, Inc.), and Defendant (Lorillard), while acting in the course and conduct within the scope of its employment in the stream of commerce;

**44).**    That Defendant, Lorillard Tobacco Company, with its former Chairman, Andrew H. Tisch and its former, Scientist, Alexander Spear, Defendants, R.J. Reynolds Tobacco Company, with its former President, Joseph F. Cullman, III, and its former Scientist, Thomas Odense and Brown & Williamson Tobacco Corporation, with its former President & Chief Executive Officer (CEO), and its former Scientist. I.W. Hughes, jointly came together to agree to concealed the **Hazelton Laboratory mice experiment test findings report;**

**45).**    Defendants knew, including Lorillard Tobacco Company, including their outside law firms, attorneys, William W. Shinn, Shook, David R. Hardy & Beacon, John Hill & Knowlton, Edward T. Cooke, Alexander Holtizman; Edwin J. Jacob, Edward DeHart, of the outcome result of the Hazelton result, titled, **"Cigarette Smoke Condensate Preparation &**

**14.**

**Application To Mice;"** that **disclosed material facts, that after applying** "tobacco smoke condensate" in the dermal skins of 100 (One Hundred) mices' back, approximately 6 (six) months, it evidently disclosed approximately **all** of the 100 (One Hundred) mices **developed gross lesion tumors or squamous cell cancer, and it also disclosed and identified** "benzo(a)pyrene, arsenic and other deleterious carcinogenic constituents and compound substances in the tobacco smoke condensate, which are known to cause cancer and other disease;

**46).** Based upon these aforesaid clinical findings, Defendants, including Lorillard Tobacco Company, and their outside attorneys, agreed to keep their adverse findings from the American members of the public, including Plaintiff herein;

**47).** Based upon recently discovery, information and belief, on/or about, December 20, 2019, Plaintiff discovered material facts that were knowingly and wilfully **omitted and withheld from** the American members of the public, including Plaintiff, that on/or about, January 22, 1974, Defendant, Lorillard Tobacco Company (f/k/a Lorillard Tobacco Company, Inc.), individually and **prior to merging,** it did knowingly and wilfully blended artifical reconstituted tobaccos, that contained ammonia compounds with its Old Golds cigarettes, and its Newports and its other tobacco products;

## THE FOURTH (4TH), ESSENTIAL ELEMENT OF ESTOPPEL, 4). THAT PLAINTIFF LACKED KNOWLEDGE OF TRUTH AS TO FACTS THAT ARE IN QUESTION

**48).** Plaintiff hereby, pleads that he lacked knowledge of the truth and the means of knowledge of truth as to real facts that are in question as pled, described, set forth in Paragraph(s) 15 thru 24, and Paragraph(s) 35 thru 47, and lacked the knowledge of the truth that Defendant, Lorillard Tobacco Company (f/k/a Lorillard Tobacco Company, Inc.), recently publicly **admitted** through the CBS TV News and the NBC TV News Broadcasting Network Station and through the American Cancer Society, **Inc.'s** News Editors, dated on/or about, December 20, 2019;

**15.**

**49).** That Plaintiff further pleads that, even in the exercise of a reasonable diligence, Plaintiff could not have known, because Defendant did knowingly took affirmative steps and unreasonable measure to disinform the American members of the public, including Plaintiff herein, of the knowledge and the means of the truth concerning the significant harmful addictive nature of smoking cigarettes and the causal link clinical evidence that smoking cigarettes causes lung cancer and other related disease;

**50).** That aforesaid Defendant took further affirmative steps and unreasonable measures to cover-up, prevent, concealed, self-concealed, modify, altered adverse findings for its commercial and corporates interests, to misinform, mislead, misrepresent the knowledge of the truth with its **experts knowledge, expert skills, expert training, expert** experience, to keep the **American members of the public, ignorance, and from the truth to keep the American members of the public,** including Plaintiff herein, to continue to purchase and smoking its tobacco products, including its Newport cigarettes, that Plaintiff smoked that Defendant knew were defective and unreasonably dangerous; as pled, described, set forth in Paragraph(s) 15 thru 34, Paragraph(s) 35 thru 47, hereof;

## "THE FIFTH (5TH), ESSENTIAL ELEMENT OF ESTOPPEL, 5).
### PLAINTIFF RELIANCE UPON THE CONDUCT OF PARTY ESTOPPED"

**51).** Plaintiff hereby, adopts and incorporates by reference each and every factual allegations, pled, described, set forth as if fully stated verbatim in Paragraph(s) 15 thru 24, hereof, what Defendant, publicly represented that were falsely made, and Plaintiff acted reasonably in reliance upon what Defendant **knowingly omitted and acted reasonably in reliance upon what Defendant represented as aforesaid;** Defendant should reasonably be estopped;

**16.**

### THE SIXTH (6TH), ESSENTIAL ELEMENT OF ESTOPPEL, 6).
### PREJUDICE CHANCE IN POSITION OF PLAINTIFF CLAIMING
### ESTOPPEL

**52).** Plaintiff hereby pleads, that as a proximate cause of Plaintiff acted reasonably in reliance upon Defendant's falsely representation, Defendant proximate cause Plaintiff to be in a position to cause a prejudicial change, in Plaintiff's health, safety, life and welfare, that proximate caused him to suffer and sustain permanent, irreparable loss of physical, psychological, non-economical, economical addiction, injuries, such heart disease, heart attack, acute coronary syndrome, and will with medical prognosis in the future, continue to take **nitroglycerin prescribed medication** for the rest of Plaintiff's life; (See, Exihibit Plaintiff's Medical Records);

**53).** Plaintiff asserts that, for these reasons, Defendant should be **equitably estopped in presumably pleading an affirmative defense of statutory of limitation period;**

### VII. STATEMENT OF THE FACTS

#### PLAINTIFF, DAVID EARL SUTHERLAND

**54).** Plaintiff hereby, adopts and incorporates by reference each and every factual statement of the allegations as pled, set forth, as if fully stated verbatim in Paragraph(s) 05, 06, Paragraph(s) 10 thru 14, Paragraph(s) 15 thru 24, Paragraph(s) 28 thru 30, Paragraph(s) 35 thru 47 and Paragraph 52, hereof; Plaintiff file this Complaint cost him $ 350.00 (three hundred & Fifty) dollars, plus photo-copies, and postage fees, medical costs, hospitalization costs, prescription of medication costs, medical records and the cost of processing fees of the U.S. Marshal, serving summons and complaint;

#### STATEMENT OF THE FACTS
#### DEFENDANT, BROWN & WILLIAMSON TOBACCO CORPORATION
#### (F/K/A      BROWN & WILLIAMSON USA, INC.                )

**55).** Plaintiff hereby, adopts and incorporates by reference each and

every factual statement of allegations as pled, set forth as if fully stated verbatim, in Paragraph(s) 07 thru 14, Paragraph(s) 15 thru 19, Paragraph(s) 25 thru 27, Paragraph(s) 28 thru 30, Paragraph(s) 35 thru 42, hereof, as permitted and authorized under **Rule 10 (c),** of the South Carolina **Federal Rules** of Civil Procedure;

## STATEMENT OF THE FACTS
### DEFENDANT, LORILLARD TOBACCO COMPANY
### (F/K/A  LORILLARD TOBACCO COMPANY, INC.)

**56).**  Plaintiff hereby, adopts and incorporates by reference each and every factual statement of allegations, pled, set forth as if fully stated verbatim, in Paragraph(s) 09 thru 14, Paragraph(s) 20 thru 27, Paragraph(s) 28 thru 30, Paragraph 34; Paragraph(s) 43 thru 47; Paragraph 50, hereof, as permitted and authorized under **Rule 10 (c),** of the South Carolina **Federal Rule**s of Civil Procedure;

## STATEMENT OF THE FACTS
### DEFENDANT, R.J. REYNOLDS TOBACCO COMPANY
### (A/K/A     REYNOLDS AMERICAN, INC.  )

**57).**  Plaintiff hereby, adopts and incorporates by reference each and every factual statement of allegations, pled, set forth as if fully stated verbatim, in Paragraph 07; and Plaintiff pleads that, **presumably** the aforesaid Defendant assumes responsibility and liabilities for both Defendants, Brown **&** Williamson Tobacco Corporation and Lorillard Tobacco Company, of whom both has **merged with** R.J. Reynolds Tobacco Company, (a/k/a  Reynolds American, Inc.), and assumes their liability as pled, set forth as if fully stated verbatim, in Paragraph(s) 01 thru 56, hereof;

**18.**

## VIII., THE FIRST (1ST), CAUSE OF ACTION FOR INTENTIONAL FRAUD, OF 9 (NINE) ESSENTIAL ELEMENTS WHICH ARE AS FOLLOWING:

### DEFENDANT, BROWN & WILLIAMSON TOBACCO CORPORATION (F/K/A     BROWN & WILLIAMSON USA, INC.     )

58).1). Defendant's Representation, as pled, set forth as if fully stated verbatim in Paragraph(s) 15 thru 19, hereof;

2). Defendant's falsity, as pled, set forth as if fully stated verbatim, in Paragraph(s) 15 thru 19, hereof;

3). Defendant's materiality, communicated to the American members of the public, including Plaintiff herein, pled, set forth as if fully stated verbatim, in Paragraph(s) 15 thru 19, hereof;

4). Defendant's knowledge of its falsity or its reckless disregard of its truth or falsity, as pled, set forth, as if fully stated verbatim, in Paragraph(s) 35 thru 42, hereof;

5). Defendant's intent that its falsity representation be acted upon by the American members of the public, including Plaintiff herein, as pled, set forth as if fully stated verbatim, in Paragraph(s) 15 thru 19, hereof;

6). Plaintiff as hearer's ignorance/unaware of Defendant's falsity representation, as pled, set forth, as if fully stated verbatim, in Paragraph(s) 15 thru 19; Paragraph(s) 48 thru 50, hereof;

7). Plaintiff as a hearer reliance upon the truth, as pled, set forth as if fully stated verbatim, in Paragraph(s) 15 thru 19; Paragraph(s) 35 thru 42, hereof;

8). Plaintiff as a hearer had a reasonable justifiable right to act in reliance upon Defendant's falsity representation, as pled, set forth as if fully stated verbatim, in Paragraph(s) 15 thru 19; Paragraph(s) 35 thru 42, hereof as a ordinary consumer; Plaintiff further pleads that, Plaintiff as a hearer had a reasonable justifiable right to act in reliance upon Defendant's expert knowledge, expert or superior knowledge, expert skills, expert

**19.**

training, expert experience and expert judgment upon its public falsity representation, to purchased and smoke Defendant's Pall-mall menthol filtered cigarette brands;

9). Plaintiff as a hearer consequence and proximate cause of acting reasonably in reliance upon Defendant's falsity representation and upon what Defendant wilfully **omitted** as pled, set forth as if fully stated verbatim, in Paragraph(s) 15 thru 19; Paragraph(s) 35 thru 42, hereof, Plaintiff suffered and continue to sustain severe, permanent, irreparable loss of damages, injuries harm **including** but not limited to:

10). Addiction, heart disease, a major heart attack, acute coronary syndrome, shortness of breath, symptom of withdrawal, watery eyes, burning sensation throat, throat irritation, throat scratching, wheezing, chronic coughing, **Loss of spouse consortium,** loss of enjoyment of life, conscious pain and suffering, grief, anxiety, alteration of life style, disappointment, humiliation, embarrassment, inconvenience, fear of loss, mental stress, mental shock, emotional distress, loss of income, wages, earnings, loss of employment, loss of employment opportunities, and Plaintiff with medical future certainty as a prognosis, will continue to take **prescribed medications, such as nitroglycerin tablets** and other medications; § 15-3-530 (5),(7) et seq.; § 39-1-20, § 39-5-20 et seq.; § 15-32-210 et seq.; § 15-75-20 et seq.;

11). Plaintiff hereby request, and is entitled and **prays** for punitive damages, for Defendant's conduct of knowing, recklessness, wantonousness, maliciousness, wilfullness; § 15-32-510 thru § 15-32-530 et seq.;

VIII.) **THE FIRST (1ST), CAUSE OF ACTION FOR INTENTIONAL FRAUD, OF 9 (NINE) ESSENTIAL ELEMENTS, WHICH ARE AS FOLLOWING:**

DEFENDANT, LORILLARD TOBACCO COMPANY
(F/K/A LORILLARD TOBACCO COMPANY, INC.)

59 (1). Defendant's Representation, as pled, set forth as if fully

**20.**

stated verbatim, in Paragraph(s) 20 thru 24, hereof;

**2).** Defendant's **falsity,** as pled, set forth as if fully stated verbatim, in Paragraph(s) 20 thru 24, hereof;

**3).** Defendant's **materiality,** communicated to the American members of the public, including Plaintiff herein, pled, set forth as if fully stated verbatim, in Paragraph(s) 20 thru 24, hereof;

**4).** Defendant's **knowledge of its falsity** or its reckless disregard of its truth or falsity, as pled, set forth, as if fully stated verbatim, in Paragraph(s) 43 thru 47, hereof;

**5).** Defendant's **intent that its falsity representation be acted upon** by the American members of the public, including Plaintiff herein, as pled, set forth as if fully stated verbatim, in Paragraph(s) 20 thru 24, hereof;

**6).** Plaintiff as hearer's **ignorance/unaware** of Defendant's falsity representation, pled, set forth as if fully stated verbatim, in Paragraph(s) 20 thru 24; Paragraph(s) 48 thru 52, hereof;

**7).** Plaintiff as a hearer **reliance upon the truth,** as pled, set **forth if fully stated herein,** Paragraph(s) 20 thru 24; Paragraph(s) **43 thru 47, what were wilfully omitted, hereof;**

**8).** Plaintiff as a hearer had a **reasonable justifiable right to act in reliance** upon Defendant's falsity representation, as pled, set forth as if fully stated verbatim, in Paragraph(s) 20 thru 24; Paragraph(s) 43 thru 47, hereof, as an ordinary consumer; Plaintiff further pleads that, as an ordinary hearer had a reasonable **justifiable right to act in reliance** upon Defendant's **expert knowledge,** expert or superior knowledge, expert skills, expert training, expert experience, expert judgment upon its public falsity representation to purchase and smoke, Defendant's Newport menthol filtered cigarette brands;

**9).** Plaintiff as a hearer's consequence and proximate cause of acting

**21.**

reasonably in **reliance** upon Defendant's falsity representation and upon what Defendant, did knowingly and intentionally **omitted or withheld from** the American members of the public, including Plaintiff herein, as pled, set forth as if fully stated verbatim, in both Paragraph(s) 20 thru 24; Paragraph(s) 43 thru 47, hereof, Plaintiff suffered and sustained severe, permanent, and irreparable loss of damages, injuries and harm **including** but not limited to:

10). Addiction, heart disease, heart attack or acute coronary syndrome, shortness of breath, symptom of withdrawals, watery eyes burning sensation, throat irritation, throat scratching, wheezing, chronic coughing, **loss of spouse consortium,** loss enjoyment of life, conscious pain and suffering, grief, anxiety, alteration of life style, disappointment, embarrassment, humiliation, frustration, inconvenience, fear of loss, mental stress, mental shock, emotional distress, **loss of income, wages, earnings,** loss of employment, loss of employment of opportunities, and Plaintiff with a medical future prognosis, will continued to be under medical examination, treatments and continue to take **prescribed medications,** such as nitroglycerin tablet for his heart condition and other medications; (See, Plaintiff's Exhibits, Medical Records); § 15-3-530 (5),(7) et seq.; § 39-1-20 et seq.; § 39-5-20 et seq.; § 15-32-510 thru § 15-32-530 et seq.; § 15-75-20 et seq.;

11). Plaintiff hereby request and is entitled to and **prays** for punitive damages, against DEfendant's conduct of knowing, wilfullness, wantonousness, maliciousness and recklessness; § 15-32-510 et seq.;

IX.) <u>"THE SECOND (2ND), CAUSE OF ACTION FOR GROSSLY NEGLIGENCE/</u> <u>NEGLIGENCE CONDUCT, ESSENTIAL ELEMENTS ARE, DUTY, BREACH</u> <u>OF DUTY, PROXIMATE CAUSE OF CONSEQUENCE AND  DAMAGE(S)"</u>

DEFENDANT, BROWN & WILLIAMSON TOBACCO CORPORATION

60 (1). Defendant's **legal duty,** § 39-1-20 et seq., "not to knowingly and intentionally make **untrue statements of material facts** to members of the public, including Plaintiff herein, as pled, set forth as if

**22.**

fully stated verbatim, in Paragraph(s) 15 thru 19, hereof; Plaintiff pleads and Defendant **knew** before making its public representations that it were affirmative false and misleading the members of the public, including Plaintiff herein, as pled, set forth as if fully stated verbatim, in Paragraph(s) 35 thru 42, hereof, that it were detrimentally adversed to the American members of the public, including Plaintiff's health, safety, life and welfare; § 39-1-20 et seq.;

2). Defendant's **breach of statutory legal duty, by knowing and wilfully failed to comply,** constitutes a violation of its duties and responsibilities **"not to knowingly and intentionally make untrue statements of material facts § 39-1-20 et seq.,** as pled, set forth as if fully stated verbatim, in Paragraph(s) 15 thru 19, hereof; and Defendant wilfully **failed and acted reckless disregard** to acknowledged ,withdraw, correct its falsity representation as a reasonable remedy measure for the interest of justice, for the health, safety, life and welfare of the American members of the public, **including** Plaintiff herein; § 15-3-530 (5),(7) et seq.;

3). That as a foreseeable direct **consequence and proximate caused** of Defendant's aforesaid breach of duty, Plaintiff has suffered and sustained **severe, permanent loss** of damages and irreparable harm, **including** but not limited to: **addiction,** heart disease, **heart attack** or acute coronary syndrome, shortness of breath, symptom of withdrawals, wheezing, chronic coughing, loss of spouse consortium, loss enjoyment of life, mental pain and physical suffering, mental shock, emotional distress, emotional trauma, alteration of life style, anxiety, grief, loss of income, wages, earnings, loss of employment, loss of employment opportunities; and as a medical future prognosis, with certainty, will continue to take **prescribed medication, such as nitroglycerin tablets for Plaintiff's heart condition; (See, Plaintiff's Exhibit, Medical Records);** § 15-3-530 (5),(7) et seq.; § 15-75-20 et seq.; § 15-32-210 et seq.; § 39-1-20 et seq.;

4). Plaintiff hereby request and is entitled and **prays** for punitive

**23.**

damages against Defendant conduct of knowing, wilfullness, recklessness, maliciousness, wantonousness; § 15-32-510 et seq.;

"THE SECOND (2ND), CAUSE OF ACTION FOR GROSSLY NEGLIGENCE/ NEGLIGENCE CONDUCT, ESSENTIAL ELEMENTS ARE, DUTY, BREACH OF DUTY, PROXIMATE CAUSE OF CONSEQUENCE AND DAMAGE(S)"

### DEFENDANT, LORILLARD TOBACCO COMPANY
### (F/K/A LORILLARD TOBACCO COMPANY, INC.)

**61 (1).** Defendant's **legal duty,** § 39-1-20 et seq., "not to knowingly and intentionally **make untrue statements of material facts** to members of the public, including Plaintiff herein, as pled, set forth as if fully stated verbatim, in Paragraph(s) 20 thru 24, hereof; and Plaintiff pleads that, Defendant **knew** before making its public representations that its representations were affirmative false and misleading the members of the public, including Plaintiff herein, as pled, set forth as if fully stated verbatim, in Paragraph(s) 43 thru 47, hereof, that it were detrimentally **adverse** to the American members of the public, including Plaintiff's health, safety, life and welfare; § 39-1-20 et seq.; § 15-3-530 (5),(7) et seq.;

**2).** Defendant did knowingly and intentionally **breached its legal duty, by wilfully failed to comply,** constitutes a violation of its legal duties and responsibilities, by knowing and intentionally making untrue statements of material facts to the American members of the public, Including Plaintiff, as pled, set forth as if fully stated verbatim, in Paragraph(s) 20 thru 24, hereof; and Defendant wilfully failed and acted reckless disregard to acknowledge, withdraw, correct its falsity representation as a reasonable remedy measure, for the interest of justice, and for the interest of the American members of the public, including Plaintiff's health, safety, life and welfare; § 15-3-530 (5),(7) et seq.; § 39-1-20 et seq.;

**3).** That, as a foreseeable direct **consequence and proximate cause** of Defendant's aforesaid breach of duty, Plaintiff has suffered and sustained severe, permanent loss of **damages** and irreparable harm,

**24.**

including but not limited to: **addiction,** heart disease, heart attack or acute coronary syndrome, shortness of breath, symptom of withdrawals, wheezing, chronic coughing, **loss of spouse consortium,** loss enjoyment of life, mental pain and physical suffering, mental shock, emotional distress, emotional trauma, alteration of life style, anxiety, grief, fear of loss, embarrassment, disappointment, humiliation, inconvenience, frustration, **loss of income, wages, earnings,** loss of employment, loss of employment opportunities; and as a future medical prognosis, with certainty Plaintiff will continue to take **prescribed medication,** such as **nitroglycerin** tablets for **Plaintiff's heart condition; (See, Plaintiff's Exhibits, Medical Records);** § 15-3-530 (5),(7) et seq.; § 15-75-20 et seq.; § 15-32-210 et seq.; § 39-1-20 et seq.;

**4).** Plaintiff hereby request, and is entitled and **prays** for punitive damages, against Defendant's conduct of knowing, wilfullness, recklessness, maliciousness, wantonousness; § 15-32-510 et seq.;

"THE THIRD (3RD), CAUSE OF ACTION, **DELIBERATE INDIFFERENCE** TO PLAINTIFF'S  HEALTH, SAFETY, LIFE AND WELFARE, **EIGHTH (8TH), AMENDMENT, U.S. CONSTITUTION,** OF 2 (TWO), ESSENTIAL ELEMENT(S), OBJECTIVE AND SUBJECTIVE COMPONENTS"

**THE FIRST (1ST), ESSENTIAL ELEMENT**
**OBJECTIVE COMPONENT**

**62).** Plaintiff hereby, adopts and incorporates by reference each and every factual statements of allegations, pled, identified, set forth as if fully stated verbatim, in Paragraph(s) 35 thru 42, herein, to demonstrate Defendant's **actual or constructive knowledge of its falsity and concealment of representation,** that **it knew and wilfully witheld from** the American members of the public, including Plaintiff; which it knew of the true facts; Defendant, Brown & Williamson Tobacco Corporation;

**25.**

## THE SECOND (2ND), ESSENTIAL ELEMENT

### SUBJECTIVE COMPONENT

## DEFENDANT, BROWN & WILLIAMSON TOBACCO CORPORATION
(F/K/A     BROWN & WILLIAMSON USA, INC.     )

63). Plaintiff hereby, adopts and incorporates by reference each and every factual statement of allegations of Defendant's conduct of **deliberate indifference of its "subjective component,"** as pled, identified, set forth as if fully stated verbatim, in Paragraph(s) 15 thru 19, hereof, by knowing and wilfully taking affirmative steps denying the whole truth of manipulating the level of nicotine in its tobacco products, including its **Pall-mall menthol filter cigarette brands and advertising that its Pall-mall menthol filter cigarettes are safer and healthier** than its regular cigarettes and wilfully denied of adding artifical substances in its tobacco products, misrepresenting the knowledge of truth to the American members of the public, including Plaintiff herein;

64). Plaintiff asserts that, Defendant's aforesaid conduct as pled, set forth in Paragraph(s) 15 thru 19, Paragraph(s) 35 thru 42, herein, demonstrate facts of having the capacity of deliberate indifference to Plaintiff's right to health, safety, life and welfare, and such acts, commission and omission of Defendant are **so grave,** that it violates the **contemporary standards of decency to knowingly and wilfully expose anyone unknowing, involuntarily, unwilling**ly to **such risk is not one that today's society choose to tolerate,** which such conduct of Defendant were unreasonable, unnecessary and proximate caused Plaintiff to unwantonousness infliction of severe pain and suffering, grief, sadistically, maliciously, cruelty, reckless disregard for human or Plaintiff's safety, health, life, welfare with depravity; Eighth (8th) & 14th Amendment, Violations Of The U.S. Constitution; Article 3, Section 2, Clause 1;

65). Plaintiff hereby, adopts and incorporates by reference each and every factual statement of allegations of damages, as pled, set forth

as if fully stated verbatim, in Paragraph(s) **60,** (3), hereof **Plaintiff's, IX., Second (2nd), Cause of Action, Grossly Negligence/Negligence,** of Defendant, Brown & Williamson Tobacco Corporation for Damages; as permitted and authorized under **Rule 10 (c),** of the **Federal Rules** of Civil Procedure;

### "THE THIRD (3RD), CAUSE OF ACTION, DELIBERATE INDIFFERENCE TO PLAINTIFF'S HEALTH, SAFETY, LIFE AND WELFARE, EIGHTH (8TH), AMENDMENT, U.S. CONSTITUTION, OF 2 (TWO), ESSENTIAL ELEMENT(S), OBJECTIVE AND SUBJECTIVE COMPONENTS"

THE FIRST (1ST), ESSENTIAL ELEMENT

OBJECTIVE COMPONENT

**DEFENDANT, LORILLARD TOBACCO COMPANY**

(F/K/A LORILLARD TOBACCO COMPANY, INC.)

**66).** Plaintiff hereby, adopts and incorporates by reference each and every factual statements of allegations, of Defendant's objective component of **deliberate indifference, as pled, identified, set forth** as if fully stated verbatim, in Paragraph(s) 43 thru 47, herein to demonstrate Defendant's **actual or constructive knowledge** of its concealment, self-concealed falsity, that it hid, omitted and kepted silence **from** the American members of the public, including Plaintiff, of the true facts;

THE SECOND (2ND), ESSENTIAL ELEMENT,

SUBJECTIVE COMPONENT

**67).** Plaintiff hereby, adopts and incorporates by reference each and every factual statement of allegations of Defendant's subjective component of **deliberate indifference,** as pled, identified, set forth as if fully stated verbatim, in Paragraph(s) 20 thru 24, herein to demonstrate that, Defendant's conduct of knowing and wilfully **denied** the whole truth of manipulating the level of nicotine in its tobacco products and knowingly and wilfully **denied** of adding **artifical substances in its tobacco products, including its** Newports menthol filtered cigarette brands, misrepresented the knowledge of truth to

the American members of the public, including Plaintiff herein, of the true facts of the significant and harmful addictive nature of smoking cigarettes and denied clinical evidence that smoking cigarettes causes lung cancer and other related disease;

**68).** Plaintiff asserts that, Defendant's aforesaid conduct as pled, set forth in Paragraph(s) 20 thru 24, Paragraph(s) 43 thru 47, herein demonstrated facts of having capacity of **deliberate indifference** against Plaintiff's rights to health, safety, life and welfare, and such acts, commission and omission of Defendant, are **so grave,** that it violates the **contemporary standards of decency to knowingly and wilfully "expose" anyone, including Plaintiff herein, unknowing, involuntarily, unwillingly subject to such risk is not one that today's society "choose" to tolerate,** which such conduct of Defendant were unreasonable, unnecessary and proximate caused Plaintiff, unwantonousness infliction of severe pain and suffering, grief, sadistically, maliciously, cruelty, reckless disregard for human or Plaintiff's safety, health, life, welfare with depravity; Eighth (8th) & 14th, Amendment, Of The U.S. Constitution; Article 3, Section 2, Clause 1;

**69).** Plaintiff hereby, adopts and incorporate by reference each and every factual statement of allegations of Plaintiff's **damages,** pled, set forth as if fully stated verbatim, in Paragraph(s) **61,(3),** hereof Plaintiff's, IX., Second (2nd), Cause of Action, For Grossly Negligence/Negligence Conduct, as permitted and authorized under **Rule 10 (c),** of the South Carolina **Federal Rules** of Civil Procedure;

**70).** Plaintiff hereby request and is entitled to and **prays** for punitive damages against Defendant's conduct of knowing, wilfullness, recklessness, maliciousness, wantonousness; § 15-32-510 et seq.;

**28.**

## DAMAGE(S)
## PRAYER FOR RELIEF
## (JURY TRIAL-DEMANDED)

**71).** Plaintiff hereby, requestfully request for trial by jury, as provided by **Rule 38,** of the South Carolina, **Federal Rule**s of Civil Procedure, upon all issues, herein;

## PRAYER FOR RELIEF OF DAMAGES

**72).** Plaintiff hereby, request and **prays** for relief and demands for declaratory relief for judgment of damages against Defendant, Brown & Williamson Tobacco Corporation (f/k/a Brown & Williamson USA, Inc.), and Defendant, Lorillard Tobacco Company (f/k/a Lorillard Tobacco Company, Inc.), of whom both Defendants has successfully merged with Defendant, R.J. Reynolds Tobacco Company, Inc. (a/k/a Reynolds American, Inc.), of whom presumes to assumes liability and responsibility for both Defendants' actions, as follows:

## FOR THE FIRST (1ST), CAUSE OF ACTION FOR RELIEF
## OF DAMAGES FOR INTENTIONAL FRAUD

**73).** Plaintiff request the Court to award compensatory damages in favor of **Plaintiff, David Earl Sutherland in an amount to be** determined by jurors as facts proven against both Defendants' foreseeable direct consequence and proximate caused Plaintiff to suffer severe, permanent and irreparable loss of damages, **including** but not limited to: acute coronary syndrome (heart attack), **Loss of spouse consortiumship,** loss of enjoyment of life, loss of appetite, conscous pain and suffering, anxiety, grief, discomfort, loss of employment, loss of employment opportunities, loss wages, income, earnings: **§ 15-3-530 (5),(7) et seq.; § 15-75-20 et seq.; § 15-32-210 et seq.; § 39-1-20 et seq.;**

**29.**

FOR THE SECOND (2ND), CAUSE OF ACTION FOR RELIEF
OF DAMAGES FOR GROSSLY NEGLIGENCE / NEGLIGENCE
OF CONDUCT

74). Plaintiff request the Court to award compensatory damages in favor of Plaintiff, David Earl Sutherland in an amount to be determined by jurors, once proven and in an proposed amount of $ 50,000,000.00 (fifty Million) dollars, against both Defendants, Brown & Williamson Tobacco Corporation (f/k/a Brown & Williamson USA, Inc.), and Lorillard Tobacco Company (f/k/a Lorillard Tobacco Company, Inc.), of whom both has successfully merged with Defendant, R.J. Reynolds Tobacco Company, Inc. (a/k/a Reynolds American, Inc.), of whom assumes liability and responsibility for both aforesaid Defendants' conduct as follows:

75). Including but not limited to: Loss of spouse consortium, acute coronary syndrome or heart attack, loss of enjoyment of life, loss of appetite, fear of loss, discomfort, mental pain and physical suffering, metal shock, emotional distress, anxiety, inconvenience, disappointment, frustration, humiliation, embarrassment, alteration of life style, loss of employment, loss of employment opportunites, loss wages, income, earnings; § 15-3-530 (5) et seq.; § 15-32-210 et seq.; § 15-75-20 et seq.; § 39-1-20 et seq.;

76). Plaintiff request and prays for punitive damages; § 15-32-510 et seq.; and any other relief deems necessary that Plaintiff is entitled to;

FOR THE THIRD (3RD), CAUSE OF ACTION FOR RELIEF OF
DAMAGES, FOR DELIBERATE INDIFFERENCE OF PLAINTIFF'S
RIGHTS ENTITLED TO HIS HEALTH, SAFETY, LIFE AND
WELFARE, AN EIGHTH (8TH), AMENDMENT, OF THE U.S.
CONSTITUTION

77). Plaintiff request the Court to award compensatory damages in favor of Plaintiff, David Earl Sutherland, in an amount to be determined by jurors, once proven and request an proposed amount of $ 50,000,000.00 (fifty Million) dollars, against both Defendant, Brown &

Williamson Tobacco Corporation (f/k/a Brown & Williamson USA, Inc.), and Lorillard Tobacco Company (f/k/a Lorillard Tobacco Company, Inc.), of whom both Defendants has successfully merged with Defendant, R.J. Reynolds Tobacco Company (a/k/a Reynolds American, Inc.), of whom Plaintiff presumes it will assumes to be responsible and liable for both Defendants' conduct as follows:

78). Including but not limited to: Loss of spouse consortium, acute coronary syndrome or heart attack, loss of enjoyment of life, loss of appetite, fear of loss, discomfort, mental pain, physical pain and suffering, mental shock, emotional shock, emotional distress, mental anguish, anxiety, discomfort, inconvenience, frustration, disappointment, humiliation, embarrassment, alteration of life style, loss income, wages, earnings, loss of employment, loss of employment opportunities, as a future medical prognosis, medical cost, hospitalization cost, surgery cost, cost of filing this litigation, including filing fees and any other Court costs, expenses; Eighth (8th), Amendment Damages, of The U.S. Constitution; § 15-32-210 et seq.;

79). Plaintiff request and prays for punitive damages; § 15-32-510 thru § 15-32-530 et seq.;

WHEREFORE, Plaintiff respectfully request the Court for any other damages including attorney fees, as this Court deems necessary, just and proper.

Respectfully Submitted, I am

S/_____

DAVID EARL SUTHERLAND, #227673
C/O BROAD RIVER CORRECTIONAL INST.,
MARION UNIT, B-WING RM. 210
4460 BROAD RIVER ROAD
RICHLAND COUNTY,
COLUMBIA, SOUTH CAROLINA
ZIP CODE                    29210-4012

PRO'SE PLAINTIFF'S COMPLAINT

31.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FOR COLUMBIA DIVISION

DAVID EARL SUTHERLAND, #227673,

PLAINTIFF,

**VERSES**

R.J. REYNOLDS TOBACCO COMPANY, INC. (a/k/a Reynolds
American, Inc.), a foreign Corporation; BROWN & WILLIAMSON
TOBACCO CORPORATION (f/k/a Brown & Williamson USA, Inc.),
individually and as successor by **merger** to R.J. Reynolds
Tobacco Company (a/k/a Reynolds American, Inc.), and
LORILLARD TOBACCO COMPANY (f/k/a Lorillard Tobacco
Company, Inc.), individually and as successor by **merger** to
R.J. Reynolds Tobacco Company (a/k/a Reynolds American,
Inc.), a foreign Corporation,

DEFENDANT(S).

_____

## **VERIFICATION**

That, I am the Plaintiff herein the **above-entitled**
**action,** and I have read the Complaint and I know its
**contents** are true of **my own** knowledge, **except** as to
**matters** stated based on discovery, information and belief,
as to such matters, I have witnessed they are **true** to the
best of my **first-hand-knowledge and belief.**

s/ David Earl Sutherland

**DAVID EARL SUTHERLAND,**
**SCDC NO.: 227673**

Sworn and Subscribed to and before me,
This 26th Day of February, 20 21.

Barbara Robinson
Notary Public For State of South Carolina
My Commission Expires: 8/4/2024