IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

David Earl Sutherland,                           )
                                                 )
                    Plaintiff,                   )
                                                 )
vs.                                              )          Civil Action No. 6:21-cv-00671-TMC
                                                 )
R.J. Reynolds Tobacco Company, Inc.;             )
Brown    &    Williamson    Tobacco              )          **ORDER**
Corporation;    Lorillard    Tobacco             )
Company;  and  Philip  Morris  USA,              )
Inc.,[1]                                         )
                                                 )
                    Defendants.                  )
_____          )

Plaintiff David Earl Sutherland ("Plaintiff"), proceeding *pro se*, brings this action against

Defendants asserting several state and federal causes of action arising out of Defendants' alleged

fraudulent and misleading statements made in connection with the advertising and sale of

cigarettes.  (ECF No. 1).  Specifically, Plaintiff asserts state causes of action for "intentional fraud,"

"intentional fraudulent misrepresentation," "intentional fraudulent concealment," "civil

conspiracy to commit fraud and concealment," and "negligence/grossly [sic] negligence," as well

as a federal claim for violation of Plaintiff's Eighth Amendment rights based upon Defendants'

alleged "deliberate indifference to Plaintiff's right, health, safety, life & welfare[.]"  (ECF No. 1-

4 at 14).  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e)

(D.S.C.), this matter was referred to a magistrate judge for pretrial handling.  On August 19, 2021,

Defendants Philip Morris USA, Inc. ("Philip Morris") and R.J. Reynolds Tobacco Company ("R.J.

---

[1] On the docket, Defendant Philip Morris USA, Inc. is referred to both as "Phillip Morris" and "Philip Morris." However, based on the Defendants' filings, it appears the proper spelling is "Philip Morris" and that is how the court will refer to the defendant for purposes of this order.  *See, e.g.*, (ECF Nos. 39; 53).

Reynolds"), both individually and as the successor-by-merger to Defendants Lorillard Tobacco Company ("Lorillard") and Brown & Williamson Tobacco Corporation ("B&W"), filed a joint motion to dismiss. (ECF No. 39). On September 13, 2021, Plaintiff filed a response opposing the motion to dismiss on Defendants' first and third grounds but conceding that his Eighth Amendment claim should be dismissed and requested that such dismissal be without prejudice. (ECF No. 47). Defendants filed their reply on September 20, 2021. (ECF No. 53).

Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant in part and deny in part Defendants' motion. (ECF No. 55). On October 27, 2021, Defendants filed four objections to the Report. (ECF No. 60). To date, Plaintiff has not filed any objections to the Report nor any response to Defendants' objections, and the time to do so has now run. Accordingly, this matter is now ripe for review.

## BACKGROUND

In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference.[2]  *See* (ECF No. 55 at 1–5). Briefly, Defendants are all corporations that either are currently or were previously involved in the tobacco industry. *See* (ECF No. 1-4 at 2–4). Plaintiff asserts, and Defendants confirm, that Defendants B&W and Lorillard merged with and were succeeded by Defendant R.J. Reynolds. *See id*. at 2, 7; (ECF No. 39 at 1). Plaintiff alleges that, between 1972 and 1994, each Defendant made false statements in

---

[2] As an initial matter, the court notes that on April 6, 2021, Plaintiff filed an Amended Complaint. (ECF No. 1-4). Because a properly filed amended complaint supersedes the original and becomes the operative complaint in the case, it renders the original complaint "of no effect." *Fawzy v. Wauqiaz Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 573 (4th Cir. 2001)) (internal quotation marks omitted). However, because most of the allegations contained in the Amended Complaint were also set forth in the original complaint, the magistrate judge cited to both documents throughout her recitation of the facts. *See* (ECF No. 55 at 1–5 (citing ECF Nos. 1; 1-4)). Nevertheless, at no point did the magistrate judge cite solely to the original complaint nor did she include any allegations from the original complaint that are not present in the Amended Complaint. *See id*. Accordingly, the court merely disregards the magistrate judge's citations to the original complaint and relies solely on the Amended Complaint for the facts set forth herein.

their advertising regarding the safety of their cigarettes on which Plaintiff relied and which induced Plaintiff to smoke Defendants' cigarettes to the detriment of his health. *See* (ECF No. 1-4 at 5, 9–13). Plaintiff further alleges that, during a Congressional subcommittee hearing on April 14, 1994, officers of Defendants B&W and Lorillard falsely testified that nicotine is not addictive and denied that their companies artificially manipulated the amount of nicotine in their cigarettes. *Id.* at 9–10, 12. Plaintiff contends that he was "induced" by Defendants' advertising to begin smoking and that he was a smoker from 1978 to 2014. *Id.* at 9. Plaintiff claims that he became addicted to cigarettes and, as a result, he developed heart disease and suffered a heart attack on December 26, 2014. *Id.* at 9, 11, 12, 18, 23, 27, 28, 29, 30. Plaintiff also asserts that he has suffered both physically and mentally as a result of Defendants' alleged conduct.

Consequently, Plaintiff initiated this action against Defendants asserting common law causes of action for fraud, fraudulent misrepresentation, fraudulent concealment, civil conspiracy to commit fraud and concealment, negligence and gross negligence, as well as a claim for violation of the Eighth Amendment based on Defendants' "deliberate indifference to Plaintiff's right, health, safety, life [and] welfare[.]" *See id.* at 14. For relief, Plaintiff seeks monetary damages. *See id.* at 22, 23, 25, 27–30.

On August 19, 2021, Defendants filed a joint motion to dismiss on the grounds that (1) Plaintiff's claims are time-barred by the statute of limitations; (2) Plaintiff's "deliberate indifference" claim under the Eighth Amendment fails as a matter of law because Defendants are not state actors; and (3) Plaintiff's claims are preempted by federal law. (ECF No. 39). As noted above, in his response, Plaintiff opposed dismissal of his common law claims, but conceded that his Eighth Amendment claim should be dismissed and requested that such dismissal be without prejudice. (ECF No. 47).

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

4

for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

### A. *Magistrate Judge's Report*

In her Report, the magistrate judge recommends that the court grant in part and deny in part the Defendants' motions to dismiss. *See* (ECF No. 55 at 8–20). As to the Eighth Amendment deliberate indifference claim, the magistrate judge acknowledged that Plaintiff conceded the claim should be dismissed because Defendants are not state actors and, therefore, recommended the court grant Defendants' motion on that count. *Id*. at 10–11. However, the magistrate judge disagreed with Defendants' statute of limitations and preemption arguments as to the common law causes of action and recommended the court deny the motion with respect to those claims. *Id*. at 10, 14, 20.

First, the magistrate judge addressed Defendants' argument that each of Plaintiff's common law claims are time-barred by the applicable statutes of limitations. *See id*. at 7–10. Specifically, Defendants contend that each of Plaintiff's claims is subject to a three-year statute of limitations pursuant to S.C. Code Ann. §§ 15-3-530(5), (7) and 15-3-535 and that the limitations period began when Plaintiff suffered his heart attack on December 26, 2014. (ECF No. 39-1 at 3–4). Consequently, Defendants argue that, because Plaintiff did not initiate this action until 2021,

his claims are time-barred. *Id*. In response, Plaintiff argues (1) that his heart attack was not his only injury, because he was also injured in a car accident in May 2010, (ECF No. 47-3 at 2); (2) that he is entitled to equitable tolling based on the discovery rule, (ECF No. 47-2 at 3–5), fraudulent concealment, *id*. at 3, 4, and equitable estoppel, *id*. at 5, 12; and (3) that he is exempt from application of the statute of limitations pursuant to § 15-3-40, *id*. at 2–3.

As an initial matter, the magistrate judge correctly noted that, while "a motion to dismiss . . . generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred[,] . . . in the relatively rare circumstances . . . the defense may be reached by a motion to dismiss . . . if all facts necessary to the affirmative defense 'clearly appear on the fact of the complaint.'" (ECF No. 55 at 8 (quoting *Goodman v. Praxair, Inc*., 494 F.3d 458, 464 (4th Cir. 2007) (en banc)) (emphasis omitted)). The magistrate judge then noted that, under South Carolina law, "a personal injury action must be commenced within three years after the party . . . knew or by exercise of reasonable diligence should have known that he had a cause of action." *Id*. at 9 (internal quotation marks omitted). While Defendants argue that Plaintiff's heart attack should have put him on notice of a potential claim, the magistrate judge reasoned that Plaintiff's allegations assert "that he learned of the falsity of the statements at issue in December 2019 . . . and Defendants do not explain how the allegations in Plaintiff's Amended Complaint establish that Plaintiff should have been aware in 2014 of the falsity of the alleged representations on which he bases most of his claims or of the alleged conspiracy on which he bases his conspiracy claim." *Id*. at 10. The magistrate judge, thus, concluded that "this case does not present the 'rare circumstance' where it is clear from the face of the complaint that the claims are time barred and thus Defendants are not entitled to dismissal based on the statute of limitations." *Id*. Based on this conclusion, the magistrate judge did not address Plaintiff's arguments regarding whether the

doctrines of equitable estoppel or fraudulent concealment would have tolled the limitations period in this case.

Next, the magistrate judge considered Defendants' argument that Plaintiff's claims are preempted by federal law. *See id*. at 11–20. The magistrate judge began by identifying the three types of federal preemption that courts recognize—express preemption, field preemption, and conflict preemption—and noting that Defendants seek dismissal of Plaintiff's claims based on conflict and express preemption. *Id*. at 11–12. As to conflict preemption, Defendants argue Plaintiff's claims are barred to the extent he seeks to hold Defendants liable for merely manufacturing and selling cigarettes. *See* (ECF No. 39-1 at 5–7). The magistrate judge noted, however, that, pursuant to the Family Smoking Prevention Control Act ("FSPCA"), 21 U.S.C. § 387g(d)(3), the Federal Drug Administration ("FDA") is expressly prohibited from banning all cigarette sales. (ECF No. 55 at 12). Further, § 387p(a)(1) of the FSPCA "'expressly preserve[s] localities' traditional power to adopt any measure relating to or prohibiting the sale of tobaccos products.'" *Id*. at 13–14 (quoting *U.S. Smokeless Tobacco Mfg. Co. LLC v. City of New York*, 708 F.3d 428, 434 (2d Cir. 2013)) (emphasis in original). Therefore, the magistrate judge concluded "there is no basis for Defendants' contention that subjecting them to possible state-law tort liability for selling cigarettes would stand as an obstacle to Congress's intentions."

Defendants also argue that Plaintiff's claim are expressly preempted to the extend they allege that Defendants failed to comply with the Federal Cigarette Labeling and Advertising Act (the "Labeling Act"), 15 U.S.C. §§ 1331–1341. *See* (ECF No. 39-1 at 7–9). The magistrate judge began her analysis by noting that Congress amended certain provisions of the Labeling Act by passing the Public Health Cigarette Smoking Act ("PHCSA"), Pub. L. 91-222, 84 Stat. 87 (1970). (ECF No. 55 at 14). Section 5 of the PHCSA addresses preemption and provides that "[n]o

requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this chapter." *Id*. at 15 (quoting 15 U.S.C. § 1334(b)).  The magistrate judge noted that the Supreme Court first addressed the scope of this preemption provision in *Cipollone v. Liggett Group, Inc*., 505 U.S. 504 (1992), and held that the PHCSA "preempts claims which allege that the cigarette manufacturers failed to warn of the dangers of smoking and which allege that warnings used in cigarette advertising promotion or packaging are inadequate[,] . . [but] does not preempt claims that a cigarette manufacturer affirmatively engaged in deceit by concealing material facts that it had a duty to disclose through some means other than advertising or promotion . . . [n]or does [it] preempt fraud, even if those fraudulent statements are made in advertisements." *Id*. at 16 (quoting *Aldana v. RJ Reynolds Tobacco Co*., Civ. A. No. 2:06-3366-CWH, 2007 WL 3020497, at *4 (D.S.C. Oct. 12, 2007)).  Applying the principles set forth in *Cipollone* and its progeny, the magistrate judge found that Plaintiff's claims are not expressly preempted by the Labeling Act or the PHCSA.  Specifically, the magistrate judge found that Plaintiff's claims for intentional fraud, intentional fraudulent misrepresentation, intentional fraudulent concealment, and negligence/gross negligence "are all based, at least in part, on Defendants' breach of their general duties not to deceive and mislead Plaintiff and are not based on any specific duties relating to smoking and health." *Id*. at 19.  Similarly, the magistrate judge found that "Plaintiff's claim for conspiracy to commit fraud and concealment is based on the allegation that Defendants conspired to prevent Liggett Group[3] from designing, making, or

---

[3] The Liggett Group ("Liggett") is a separate company which Plaintiff alleges "discovered the causes that linked lung cancer and other related disease[s] caused by smoking and that "removing or reducing the deleterious carcinogenic constituent[] substance[s] from tobacco products would certainly make tobacco products less harmful and safer . . . ." (ECF No. 1-4 at 15).  Part of basis for Plaintiff's claims centers on his allegations that Defendants "aggressively threatened Liggett Group" and, as a result, Liggett "agreed not to make or design a safer and healthier cigarette[.]" *See id*.  Liggett is not named as a party to this action.

marketing a safer and healthier cigarette and to blend reconstituted tobaccos containing harmful ingredients[,]" and "is in no sense a dressed-up failure-to-warn claim[.]" *Id*. at 19–20.

Accordingly, the magistrate judge concluded that Plaintiff's state law claims are neither barred by the statute of limitations nor preempted by federal law, and recommended the court deny Defendants' motion to dismiss as to those claims and grant the motion as to the Eighth Amendment deliberate indifference claim. *Id*. at 20.

### B. *Defendants' Objections*

As noted above, Defendants raise four objections to the magistrate judge's Report: (1) that the magistrate judge improperly construed the Amended Complaint as both the original and Amended Complaints together; (2) that the magistrate judge improperly applied the doctrines of equitable tolling, equitable estoppel, fraudulent concealment, and the discovery rule to conclude that Plaintiff's state-law claims are not barred by the statute of limitations; (3) that Plaintiff fails to allege a viable conspiracy claim; and (4) that the magistrate judge incorrectly applied the law on preemption and that Plaintiff's claims are preempted by federal conflict and express preemption. (ECF No. 60 at 1).

#### 1. *Objection One – Operative Complaint*

The court already addressed the issue raised in Defendants' first objection in footnote 1. *See supra* note 1. As the court previously noted, the magistrate judge never cited solely to the original complaint, nor did she reference any allegations not included in the Amended Complaint. *See* (ECF No. 55 at 1–5 (citing ECF Nos. 1; 1-4)). Thus, the court finds that the magistrate judge's citations to the original complaint had no impact on the factual or legal accuracy of the Report nor the magistrate judge's findings and conclusions therein. Defendants' first objection is, therefore, overruled.

### 2.  *Objection Three – Civil Conspiracy Claim*

With respect to Defendants' third objection—asserting that Plaintiff has failed to state a viable claim for civil conspiracy—the court notes that Defendants failed to include this argument in their motion to dismiss, *see* (ECF No. 39), and, consequently, this is the first time Defendants have raised it.  In *Samples v. Ballard*, the Fourth Circuit clarified that a district court is not required to consider new issues raised for the first time in objections to a report and recommendation.  860 F.3d 266, 275–76 (4th Cir. 2017).  Accordingly, the court has no duty to review Defendants' newly raised argument and declines to do so.  *See, e.g.*, *Brown v. Dennis*, Civ. A. No. 4:19-cv-2790-TMC, 2021 WL 805664, at *6 n.6 (D.S.C. Mar. 3, 2021).  Thus, Defendants' third objection is also overruled.

### 3.  *Objection Two – Statute of Limitations*

Defendants' second objection asserts that the magistrate judge improperly applied the discovery rule and the equitable tolling doctrines of fraudulent concealment and equitable estoppel to conclude that Plaintiff's claims are not time-barred by the applicable statute of limitations.  (ECF No. 60 at 1, 6–12).  The court agrees with Defendants.  Section 15-3-530 of the South Carolina Code provides that any action for "injury to the person or right of another, not arising on contract and not enumerate by law," and "any action for relief on the ground of fraud in cases which prior to the adoption of the Code of Civil Procedure in 1870 were solely cognizable by the court of chancery" are subject to a three-year statute of limitations.  S.C. Code Ann. §§ 15-3-530(5), (7).  Defendants assert, and Plaintiff does not challenge, that each of the common-law claims asserted fall within these two classifications and are, therefore, subject to a three-year statute of limitations.  *See* (ECF Nos. 39-1 at 3–4; 60 at 7); *see also Omni Outdoor Advertising, Inc., v. Columbia Outdoor Advertising, Inc*., 974 F.2d 502, 506 (4th Cir. 1992) (noting that claims for civil conspiracy are

governed by § 15-3-530(5) which sets a three-year statute of limitations); *Allwin v. Russ Cooper Assocs.*, 426 S.C. 1, 12, 825 S.E.2d 707, 713 (Ct. App. 2019) (noting the three-year statute of limitations applied to claims at issue including negligence and gross negligence); *Wilson v. Jayma*, App. Case No. 2017-002223, 2021 WL 4449623, at *2 (S.C. Ct. App. Sept. 29, 2021) (citing *Moore v. Benson*, 390 S.C. 153, 160, 700 S.E.2d 273, 277 (Ct. App. 2010)) (noting South Carolina courts have found claims for fraud and negligent misrepresentation are subject to the three-year statute of limitations provided in § 15-5-530).

"Generally, a cause of action accrues under South Carolina law the moment the defendant breaches a duty owed to the plaintiff." *Allwin*, 426 S.C. at 12, 825 S.E.2d 707, 713 (Ct. App. 2019) (quoting *Barr v. City of Rock Hill*, 330 S.C. 640, 644, 500 S.E.2d 157, 159–60 (Ct. App. 1998)) (internal quotation marks omitted). However, the "discovery rule"—which provides that the limitations period runs not from the date of the negligent act or the breach of contract, but "from the date the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence," *Dillon Cty. Sch. Dist. No. Two v. Lewis Sheet Metal Works, Inc.*, 286 S.C. 207, 215, 332 S.E.2d 555, 559 (Ct. App. 1985), *overruled on other grounds by Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 462 S.E.2d 858 (1995)—may have the effect of tolling the accrual of the statute of limitations in certain circumstances, *see Allwin*, 426 S.C. at 12, 825 S.E.2d at 713 (citing *Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 787 S.E.2d 485 (2016)). Indeed, the South Carolina General Assembly codified the discovery rule's application to personal injury and fraud claims in sections 15-3-530(7) and 15-3-535. As to fraud claims, subsection (7) of section 15-3-530 provides that "the cause of action in the case [is] not considered to have accrued until the discovery by the aggrieved party of the facts constituting the fraud[.]" S.C. Code Ann. § 15-3-530(7). In

other words, the statute of limitations on a claim based in fraud "does not begin to run until discovery of the fraud itself or of 'such facts as would have led to the knowledge thereof, if pursued with reasonable diligence.'"  *Burgess v. Am. Cancer Soc., S.C. Div., Inc.*, 300 S.C. 182, 185, 386 S.E.2d 798, 799 (Ct. App. 1989) (quoting *Grayson v. Fidelity Life Ins. Co. of Philadelphia*, 114 S.C. 130, 135, 103 S.E. 477 (1920)).  Similarly, section 15-3-535 provides that "all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."  S.C. Code Ann. § 15-3-535.

The South Carolina Supreme Court has explained the "reasonable diligence" standard of the discovery rule as follows:

> [T]he exercise of reasonable diligence means simply that an injured party must act with some promptness where *the facts and circumstances of an injury* would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party might exist.  The statute of limitations begins to run from this point and not when advice of counsel is sought or a full-blown theory of recovery developed.

*Little v. Brown & Williamson Tobacco Corp.*, 243 F. Supp. 2d 480, 486 (D.S.C. 2001) (quoting *Wiggins v. Edwards*, 314 S.C. 126, 128, 442 S.E.2d 169, 170 (1994)) (emphasis added); *see also Walbeck v. I'On Co., LLC*, 426 S.C. 494, 519, 827 S.E.2d 348, 361 (Ct. App. 2019) ("The 'exercise of reasonable diligence' means 'the injured party must act with some promptness [when] the facts and circumstances of an injury place a reasonable person of common knowledge and experience on *notice* that a claim against another party *might* exist.'" (quoting *Dean v. Ruscon Corp.*, 321 S.C. 360, 363–64, 468 S.E.2d 645, 647 (1996)) (emphasis in original)); *Burgess*, 300 S.C. at 185, 386 S.E.2d at 799 ("In applying the discovery rule, inquiry is focused upon whether the complaining party acquired knowledge of any existing facts 'sufficient to put said party on inquiry which, if

developed, will disclose the alleged fraud.'" (quoting *Walter J. Klein Co. v. Kneece*, 239 S.C. 478, 483, 123 S.E.2d 870, 874 (1962))).

"'This standard as to when the limitations period begins to run is *objective* rather than subjective.'" *Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 526, 787 S.E.2d 485, 489 (2016) (quoting *Burgess*, 300 S.C. at 186, 386 S.E.2d at 800) (emphasis in original); *see also Majstorich v. Gardner*, 361 S.C. 513, 520, 604 S.E.2d 728, 732 (Ct. App. 2004) ("'The date on which discovery should have been made is an objective, not subjective, question.'" (quoting *Young v. S.C. Dep't of Corr.*, 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct. App. 1999))).

> "In other words, whether the particular plaintiff *actually* knew he had a claim is not the test. Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist."

*Majstorich*, 361 S.C. at 520, 604 S.E.2d at 732 (quoting *Young*, 333 S.C. at 719, 511 S.E.2d at 416) (emphasis added). Thus, "'the statutory period of limitations begins to run when a person *could or should have known*, through the exercise of reasonable diligence, that a cause of action might exist in his or her favor, rather than when a person obtains actual knowledge of either the potential claim or of the facts giving rise thereto.'" *Stokes-Craven*, 416 S.C. at 526, 787 S.E.2d at 489 (quoting *Burgess*, 300 S.C. at 186, 386 S.E.2d at 800) (emphasis in original). Accordingly, courts typically focus on the *date of injury* as a starting point to determine when a plaintiff could or should have known he had a cause of action to start the statute of limitations clock. *See, e.g.*, *Little*, 243 F. Supp. 2d at 486 ("The important date under the discovery rule is the date that a plaintiff discovers the injury, not the date of the discovery of the identity of another alleged wrongdoer. If, on the date of injury, a plaintiff knows or should know that she had some claim against someone else, the statute of limitations begins to run for all claims based on that injury." (quoting *Wiggins*, 314 S.C. at 128, 442 S.E.2d at 170)); *Dillon Cty. Sch. Dist. No. Two*, 286 S.C.

at 215, 332 S.E.2d at 559 ("Under the discovery rule, the statute does not begin to run from the date the negligent act or the breach of contract occurred; rather, the statute runs *from the date the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence*." (emphasis added)). "'Moreover, the fact that the injured party may not comprehend the full extent of the damage is immaterial.'" *Allwin*, 426 S.C. at 13, 825 S.E.2d at 713 (quoting *Dean*, 321 S.C. at 363–64, 468 S.E.2d at 647). Consequently, "the discovery rule does not 'require absolute certainty [that] a cause of action exists before the statute of limitations begins to run.'" *Walbeck*, 426 S.C. at 520, 827 S.E.2d at 361 (quoting *Bayle v. S.C. Dep't of Transp*., 344 S.C. 115, 126, 542 S.E.2d 736, 741 (Ct. App. 2001)).

In this case, the court finds that the only reasonable inference which can be drawn from the allegations in the Amended Complaint is that Plaintiff could and should have known of the existence of his claims on the day of or immediately following his heart attack in December 2014.[4] Plaintiff asserts that, as a result of Defendants' alleged fraudulent and negligent misrepresentations and concealment of the truth regarding the dangers of smoking on which he relief, Plaintiff

---

[4] In his response to Defendants' motion, Plaintiff attempts to argue that the heart attack is not his only injury because he was in a car accident on May 5, 2010 and suffered a brain injury as a result thereof. (ECF Nos. 47-2 at 2; 47-3 at 2). Specifically, Plaintiff claims he was "pronounced dead at the scene" of the accident and was "unconscious for a period of time . . . and suffered confusion and disoriented [sic] for more than four (4) years." (ECF No. 47-3 at 2). However, Plaintiff makes no mention of the car accident or any injury therefrom in the Amended Complaint and Plaintiff cannot use his response in opposition to Defendants' motion to further amend his pleading to add an additional claim for damages. *See, e.g.*, *Miller v. Dish Network, LLC*, 326 F. Supp. 3d 51, 56 n.2 (E.D. Va. 2018) ("Allegations cannot be raised by way of a plaintiff's response to a motion to dismiss."); *Marsh v. Va. Dep't of Transp*., No. 14-6, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014) ("Plaintiff cannot assert new claims by raising them in [his] brief in opposition to the Defendant's motion to dismiss."). Furthermore, even if such allegations were properly before the court, Plaintiff fails to set forth any allegations establishing how the car accident and Plaintiff's resulting brain injury were caused by Defendants' alleged misconduct or Plaintiff's smoking such that they are in any way related to Plaintiff's claims.

Rather, it appears Plaintiff mentions the car accident in support of his argument that he is exempt from the statute of limitations pursuant to S.C. Code Ann. § 15-3-40. *See* (ECF No. 47-2 at 2–3). However, section 15-3-40 tolls the statute of limitations only if the cause of action accrues while Plaintiff is a minor less than eighteen years old or "insane." Plaintiff makes no argument, and there are no allegations in the Amended Complaint which would support an inference, that Plaintiff was either a minor or insane at the time his claims arose. Therefore, Plaintiff's alleged car accident and brain injury are not properly before the court and are wholly irrelevant for purposes of this analysis, and his reliance on section 15-3-40 is unavailing.

developed heart disease and suffered a heart attack on December 26, 2014.  (ECF No. 1-4 at 9, 11, 12, 18).  At that time, "the facts and circumstances of [Plaintiff's] injury would [have] put a person of common knowledge and experience on notice" that his condition and heart attack may have been caused by his smoking such that a cause of action against Defendants might exist.  *Little*, 243 F. Supp. 2d at 486 (quoting *Wiggins*, 314 S.C. at 128, 442 S.E.2d at 170).  As noted above, "the discovery rule does not 'require *absolute certainty* [that] a cause of action exists before the statute of limitations begins to run.'"  *Walbeck*, 426 S.C. at 520, 827 S.E.2d at 361 (quoting *Bayle*, 344 S.C. at 126, 542 S.E.2d at 741) (emphasis added).

Moreover, "[a] party cannot escape the application of this rule by claiming ignorance of existing facts and circumstances, because the law also provides that if such facts and circumstances *could have been known* to the party through the exercise of ordinary care and reasonable diligence, the same result follows."  *Burgess*, 300 S.C. at 185, 386 S.E.2d at 799 (citing *Tucker v. Weathersbee*, 98 S.C. 402, 408–09, 82 S.E. 638, 640 (1914)) (emphasis in original).  Thus, even though the court is required to accept the well-pleaded allegations in the Amended Complaint as true at this stage, Plaintiff's allegation that he was unaware of Defendants' fraud and misconduct until they admitted as much on December 20, 2019, *see* (ECF No. 1-4 at 17, 25), is entirely irrelevant because the discovery rule hinges not on when Plaintiff *himself* realized the existence of his claims, but when a person of common knowledge exercising reasonable diligence *could have done so*.  *See Burgess*, 300 S.C. at 185, 386 S.E.2d at 799; *Majstorich*, 361 S.C. at 520, 604 S.E.2d at 732 (noting "whether the particular plaintiff actually knew he had a claim is not the test[;] [r]ather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist").  Accordingly, the court respectfully disagrees with the

magistrate judge's conclusion and finds that the three-year statute of limitations on Plaintiff's claims began to run after his heart attack on December 26, 2014 and expired well before Plaintiff initiated this action in 2021.

Furthermore, despite Plaintiff's arguments to the contrary, the equitable tolling doctrines of equitable estoppel and fraudulent concealment are inapplicable in this case. *See* (ECF No. 47-2 at 3, 4, 5, 12). The doctrine of equitable estoppel provides that "[a] defendant may be estopped from claiming the statute of limitations as a defense if delay in bringing the action was induced by the defendant's conduct." *Am. Legion Post 15 v. Horry Cty.*, 381 S.C. 576, 584, 674 S.E.2d 181, 185 (Ct. App. 2009) (citing *Wiggins v. Edwards*, 314 S.C. 126, 130, 442 S.E.2d 169, 171 (1994)). "Such inducement may consist either 'of an express representation that the claim will be settled without litigation or conduct that suggests a lawsuit is not necessary.'" *Black v. Lexington Sch. Dist. No. 2*, 327 S.C. 55, 61, 488 S.E.2d 327, 330 (1997) (quoting *Wiggins v. Edwards*, 314 S.C. 126, 130, 442 S.E.2d 169, 171 (1994)). Plaintiff makes no argument in his Amended Complaint or in response to the motion to dismiss that Defendants in any way induced Plaintiff to delay bringing an action against them. Similarly, fraudulent concealment applies when a defendant engages in "[d]eliberate acts of deception . . . calculated to conceal from a potential plaintiff that he has a cause of action . . . ." *Doe v. Bishop of Charleston*, 407 S.C. 128, 140, 754 S.E.2d 494, 500–01 (2014). The court has already found that under the discovery rule the statute of limitations did not begin until Plaintiff *could have and should have* discovered the existence of his claims following his heart attack on December 26, 2014. Thus, any deceptive acts to conceal a potential cause of action prior to December 26, 2014 are irrelevant because the limitations period had not yet begun. In this case, while Plaintiff contends that Defendants engaged in multiple deceptive acts and fraudulent misrepresentations, Plaintiff alleges no such acts later than April 14, 1994, *see*

*generally* (ECF No. 1-4).  Accordingly, Plaintiff does not allege or identify any deceitful acts by Defendants that somehow might have hidden the existence of a cause of action from him such that it delayed the filing of this lawsuit past the limitations period.  Therefore, Plaintiff is not entitled to equitable tolling of the limitations period in this case.

As the court has found that Plaintiff's claims accrued after his heart attack on December 26, 2014, pursuant to the discovery rule and that his claims are not subject to equitable tolling, the court is constrained to conclude that Plaintiff's claims are all time-barred under section 15-3-530(5) and (7) and subject to dismissal.  The court, therefore, declines to adopt the magistrate judge's recommendation on this issue and Defendants' second objection is **SUSTAINED**. Furthermore, because the court finds that Plaintiff's claims are subject to dismissal based on the applicable statute of limitations, the court need not address Defendants' remaining objection regarding federal preemption.

Having carefully and thoroughly reviewed the Report, the record, and the parties' briefing on these motions, the court agrees with the magistrate judge's conclusion that Plaintiff's Eighth Amendment deliberate indifference claim should be dismissed and **ADOPTS** the Report **in part** as to that issue.  The court **SUSTAINS** Defendants' second objection and **DECLINES TO ADOPT** the Report **in part** as to the magistrate judge's finding that Plaintiff's claims are not time-barred by the statute of limitations. Accordingly, the court **GRANTS** the Defendants' motion to dismiss (ECF No. 39) with prejudice on the grounds that Plaintiff concedes to the dismissal of his Eighth Amendment deliberate indifference claim[5] and that Plaintiff's remaining common law

---

[5] As noted above, Plaintiff has conceded to the dismissal of this Eighth Amendment deliberate indifference claim without prejudice.  (ECF No. 47-2 at 6).  However, Defendants moved to dismiss this claim on the merits because "Defendants are not state actors or private actors acting under the color of state law."  (ECF No. 39-1 at 5).  Plaintiff conceded that Defendants are private companies in both the Amended Complaint, (ECF No. 1-4 at 7), and in his response to the motion to dismiss, (ECF Nos. 47 at 7; 47-2 at 5–6, 12–13).  Accordingly, in her Report, the magistrate judge agreed with Defendants that the Eighth Amendment claim should be dismissed as it does not state a cognizable claim for relief against Defendants.  *See* (ECF No. 55 at 10–11).  As such dismissal is on the merits and there is no

claims are time-barred.  Consequently, Plaintiff's pending motions to compel discovery (ECF Nos. 79; 80) and Defendant Philip Morris's pending motions to stay discovery (ECF No. 81) and to amend the scheduling order (ECF No. 82) are **DENIED as moot**.

      **IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 9, 2022

**NOTICE OF RIGHT TO APPEAL**

      The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

way Plaintiff could cure the deficiency that renders his claim incognizable, the court finds that dismissal with prejudice is appropriate.  Additionally, the court notes that the Plaintiff had an opportunity to object to the Report and its findings, including the finding on the merits as to the dismissal of his Eighth Amendment claim, but he failed to file any such objections.  For there reasons, despite Plaintiff's concession to dismissal without prejudice, the court finds dismissal *with prejudice* to be appropriate.